UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Howard Thompson**, III, # 2005-03217, | ) C/A No. 3:06-2599-MBS-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Chrissy Adams, County DA;<br>Capt. Arvette Jones;<br>Sgt. NFN Clinkscales; and<br>Lt. NFN Lee, | ) |
| Defendants. | ) |

This is a civil rights action filed *pro se* by a county detainee.[1] Plaintiff, a pre-trial detainee housed at the Anderson County Detention Center, complains that Defendants were involved in the placement of a falsified "statement" allegedly made by him in the discovery materials of a fellow detainee who was prosecuted for escape.[2] He further claims that this false placement has put his (Plaintiff's) life in danger because the fellow detainee who was convicted of escape thinks that Plaintiff gave information against him to authorities. Plaintiff asks for the fellow detainee's escape conviction to be reversed, seeks monetary damages from Defendants for alleged "jepordizing my life," and seeks an investigation of the Solicitor's office.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v.</u>

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Plaintiff claims that he never gave a formal statement to Defendants about the escape and that he only gave them some information about certain contraband.

Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Complaint in this case fails to state a viable 42 U.S.C. § 1983 claim against any Defendant.[3] Although prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment and county detention centers have a duty under the Fourteenth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417 (6th Cir. 1996)(emphasis added).

guarantee the safety of inmates.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).[4]  Plaintiff's claim about the allegedly false "statement" used by Defendants in his fellow detainee's prosecution falls within the area of prison conditions cases dealing with the required guarantee of inmate safety.

In order to state a viable conditions-of-confinement claim an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of "deliberate indifference."  Farmer, 511 U.S. at 834.  These elements have also been described as the "objective component" and the "subjective component."  Wilson v. Seiter, 501 U.S. 294 (1991).  The objective component examines the gravity of the alleged deprivation.  See Hudson v. McMillian, 503 U.S. 1 (1992).  The subjective component is the state of mind of the prison official(s) alleged to have violated a plaintiff's rights.

Decisions of the United States Court of Appeals for the Fourth Circuit provide more detailed guidelines for the analysis of Plaintiff's claims.  The objective conditions must rise to the level of a deprivation of a basic human need such as food, warmth, or exercise.  Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991).  In Strickler v. Waters, 989 F.2d 1375 (4th Cir.1993) the Court said that an inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant harm.

The Prison Litigation Reform Act (PLRA) of 1996 placed an important limitation upon all actions arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition.  Under 42 U.S.C. § 1997e(e) no recovery of monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or

---

[4] While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees – such as Petitioner -- humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998).  For this reason, the standards discussed in Farmer v. Brennan are equally applicable in Petitioner's case.

3

other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*See* Mitchell v. Horn, 318 F.3d 523, 535 (3d Cir. 2003) (§ 1997e's "injury" provision requires more than *de minimus* injury); Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997)(same).  Case law prior to the adoption of the PLRA had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish.  Hence there is no liability under § 1983 for such claims.  Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989); Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985); *see* 42 U.S.C. § 1997e(e)(physical injuries are a prerequisite for an award of damages for emotional distress § 1983) ; Zehner v. Trigg, 133 F.3d 459 (7th Cir. 1997).

Plaintiff has not alleged that he has suffered any type of physical injury from the actions taken by Defendants in connection with the escape prosecution of Plaintiff's fellow detainee. Instead, he has alleged that he has been put into fear for his life due to a verbal threat made against him by the fellow detainee who was convicted of escape.  While the use of threatening language might create fear, stress, or emotional upset to Plaintiff, it is well settled that "the use of vile and abusive language is never a basis for a civil rights action." Sluys v. Gribetz, 842 F. Supp. 764, 765 n. 1 (S.D.N.Y. 1994), *aff'd*, 41 F.3d 1503 (2d Cir. 1994); *see* Batista v. Rodriguez, 702 F.2d 393, 398 (2d Cir. 1983).  Since Plaintiff's allegations show, at most, that he suffered emotional distress resulting from Defendants' participation in the preparation/presentation of the allegedly false statement in the escape case and/or from the fellow detainee's threats, he fails to state a viable § 1983 prison conditions case.

Moreover, to the extent that Plaintiff seeks to recover damages from and/or force an investigation of Defendant Adams because of the manner in which she compiled evidence in this escape case, this case is barred by the doctrine of prosecutorial immunity.  In South Carolina, regional prosecutors are called Solicitors and Solicitors.  *See* S.C. Const., art. V, § 24; S.C. Code

4

Ann. § 1-7-310.  Solicitors are elected by voters of a judicial circuit and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, grand jury proceedings, pre-trial "motions" hearings, and ancillary civil proceedings.  Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Hart v. Jefferson County, 1995 WL 399619 (D. Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity).  Decisions about how to prepare evidence and what evidence to present in a criminal case are purely prosecutorial functions absolutely immune from Plaintiff's claims, and Plaintiff is not entitled to recover any damages from Defendant Adams based on her performance of these functions.

Finally, this Court cannot grant Plaintiff's request to order a re-trial in his fellow detainee's escape case because Plaintiff cannot sue for others' injuries, only for his own.  Although a plaintiff has the right to appear *pro se* on his own behalf, he may not represent another *pro se* plaintiff in federal court.  Klocek v. Gateway, Inc., 104 F. Supp. 2d 1332, 1344 (D. Kan. 2000) (citing 28 U.S.C. § 1654).  Courts have consistently held that a litigant acting *pro se* is not able to adequately represent the interests of other *pro se* litigants.  See Maldonado v. Terhune, 28 F. Supp. 2d 284, 288 (D. N.J. 1998); Caputo v. Fauver, 800 F. Supp. 168, 170 (D. N.J. 1992).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

September 27, 2006
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

  During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
